UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CONTEYOR MULTIBAG SYSTEMS N.V.,

      Plaintiff,

v.

BRADFORD COMPANY,

      Defendant.
_____/

Case No. 1:05-cv-613

HON. GORDON J. QUIST

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO COMPEL ARBITRATION**

Now before the Court is conTeyor Multibag Systems' ("conTeyor") motion to compel arbitration of the issues involved in this litigation pursuant to an arbitration clause in a license agreement executed between conTeyor and Bradford Company ("Bradford"). For the following reasons, the Court will grant conTeyor's motion.

Background

On February 9, 1999, conTeyor, a Belgian corporation, and Bradford, a Michigan corporation, executed an agreement entitled, "Exclusive Patent, Know-How and Technical Information License Agreement," in which conTeyor agreed to license to Bradford its "confidential know-how, trade secrets and technical information pertaining to" the fabrication, manufacturing, and assembly of products used in the automobile industry for Bradford to "manufacture, use and sell" those products in the United States, Canada, and Mexico. This license agreement terminated in February, 2003. The license agreement contained the following choice of law and arbitration provisions:

### XI.  Governing Law and Jurisdiction

**11.1**  This Agreement and any other additional or related agreement between the Parties shall in all respects be solely and exclusively governed by and construed according with the laws of the State of Michigan, U.S.A.

**11.2**  Any and all disputes or claims arising out of or in connection with this Agreement or the breach thereof, shall be referred to a mediator . . . before resorting to arbitration;

Any and all disputes or claims arising out of or in connection with this Agreement or breach thereof that is not settled by mediation, shall be settled by a single arbitrator . . . in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Regarding the use of the "Technical Information" provided to Bradford by conTeyor, the agreement provided:

**6.5**  All Technical Information is supplied in confidence solely for the use [by Bradford] under this agreement and remains the property of [conTeyor].

Finally, with respect to the parties' rights and obligations upon the termination of the agreement, the agreement provided:

**9.1**  Upon the expiration or termination of this Agreement prior to the expiration of the last to expire of the Licensed Patents, all rights under the Licensed Patents belonging . . . to [conTeyor] . . . shall automatically revert to [conTeyor].

Upon the expiration or termination of this Agreement prior to the expiration of the last to expire of the Licensed Patents, [Bradford] shall cease the manufacture, promotion and sale of products covered by . . . the Licensed Patents [and] . . . shall also cease to utilize in its manufacturing processes or otherwise make use of all the Technical Information therefore supplied by [conTeyor] under this Agreement.

On September 9, 2005, conTeyor filed a two-count complaint against Bradford and Holland Awning Co. d/b/a/ Integrated Fabric Resources, Inc. ("Holland/IFR"). Count 1 of the complaint alleged a claim for patent infringement and count 2 alleged a claim for trade secret misappropriation. Six weeks later, conTeyor also commenced proceedings with the American Arbitration Association

("AAA") against Bradford for breaches of the license agreement between the parties, "i.e., royalties owed and due." (Pl.'s Mot. Compel Arbitration at 3.) On November 21, 2005, Bradford filed an affirmative defense to conTeyor's claims, asserting that this court lacked jurisdiction because the parties agreed to arbitrate any claim arising out of or in connection with the license agreement and conTeyor's claims arose out of or were connected to that agreement. On March 31, 2006, Bradford withdrew this affirmative defense. On April 5, 2006, conTeyor and Defendant Holland/IFR stipulated and agreed to dismiss Holland/IFR from this case. On April 14, 2006, conTeyor moved to compel arbitration pursuant to the arbitration clause in the license agreement executed between it and Bradford.

Analysis

For purposes of determining whether to compel arbitration, the Court must first consider whether the issues raised in this case are arbitrable under the arbitration clause of the license agreement. "To ascertain the arbitrability of an issue, [a] court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract." *Fromm v. Meemic Ins. Co.*, 264 Mich. App. 302, 305-306, 690 N.W.2d 528, 530-531 (2004) (alteration in original) (quoting *Huntington Woods v. Ajax Paving Indus., Inc. (After Remand)*, 196 Mich. App. 71, 74, 492 N.W.2d 463 (1992)).[1] The court must resolve any doubts over

---

[1] The parties' license agreement contained a choice-of-law provision that provided that the Agreement "shall in all respects be solely and exclusively governed by and construed according with the laws of the State of Michigan." Where a contract with an arbitration clause would be covered by the Federal Arbitration Act since the contract involves, for instance, interstate commerce, as it does here, the fact that the contract contains a choice-of-law provision does not necessarily dictate that the parties' choice-of-law selection will govern all issues relating to the arbitration. *See e.g., Jacada (Europe), Ltd. v. Int'l Mktg. Strategies*, 401 F.3d 701, 710 (6th Cir. 2005) (concluding that "a *generic* choice-of-law provision does not displace the federal standard for vacating an arbitration award"); *Ferro Corp. v. Garrison Indus.*, 142 F.3d 926, 938 (6th Cir. 1998) (holding that, despite parties' selection of Ohio law to govern their contract, issue of fraudulent inducement of entire contract was to be adjudicated by the arbitrator, consistent with the interpretation of the

the arbitrability of an issue in favor of arbitration.

First, there is no dispute that the license agreement executed by conTeyor and Bradford contained an arbitration clause. Next, the Court finds that the disputed issues before this Court that conTeyor requests be submitted to arbitration pursuant to the license agreement's arbitration clause are, at the very least, "arguably within the arbitration clause." ConTeyor's claims are for patent infringement and trade secret misappropriation. The patent, alleged to have been infringed, and the trade secrets, alleged to have been misappropriated, were purportedly licensed to Bradford pursuant to the license agreement. The license agreement provided that "[u]pon the expiration or termination of this Agreement . . . [Bradford] shall cease the manufacture, promotion and sale of products covered by . . . the Licensed Patents [and] . . . shall also cease to utilize in its manufacturing processes or otherwise make use of all the Technical Information . . . supplied by [conTeyor] under this Agreement." Bradford's alleged continued manufacturing and selling of conTeyor's patented devices and its alleged continued use of conTeyor's proprietary information "arise out of or are connected" to the license agreement. Finally, the issues before this Court are not expressly exempt from arbitration by the terms of this contract.

Bradford maintains that this Court should deny conTeyor's motion to compel arbitration. In support of this position, it notes that conTeyor's claims here (for patent infringement and trade

---

Federal Arbitration Act, rather than in a judicial forum, as would be the case if Ohio law were applied, since, given the breadth of the choice-of-law clause, the court did "not believe that the parties intended to incorporate Ohio law . . . to determine the scope of the arbitration agreement"). *But c.f. Volt Info. Sci. v. Bd. of Tr. of the Leland Stanford Jr. Coll.*, 489 U.S. 468, 479, 109 S. Ct. 1248, 1255-56 (1989) (recognizing that the FAA does not prevent "the enforcement of agreements to arbitrate under different rules than those set forth in the Act" for such a rule would be "inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms"). The parties in this case rely upon Michigan law and do not argue that the law interpreting the FAA should govern. *See Public Serv. Credit Union v. Ernest*, 988 F.2d 627 (6th Cir. 1993) (holding that where the parties agree that the Michigan Arbitration Act applies to their contract, it is erroneous to rely upon decisions interpreting the FAA). In any event, in this case, in light of the issues presented, it does not appear that a different outcome would be reached applying Michigan law versus the law interpreting the FAA.

4

secret misappropriation) are "separate and distinct" from conTeyor's arbitration claims, filed six weeks after it filed this action, which sound in breach of contract, "i.e. royalties owed and due." There is no reason to compel arbitration, therefore, Bradford maintains, since the claims asserted in the arbitration and those asserted here "are not co-extensive." Not surprisingly, Bradford has cited no authority for the proposition that a court should not compel arbitration of an issue since that issue is not "co-extensive" with a separate issue currently pending in arbitration between the same parties. Indeed, there is no such requirement. The fact that the issues here are not "co-extensive" with the issues currently pending in arbitration between the parties is irrelevant to the question of whether the issues here are arbitrable pursuant to the arbitration clause in the parties' agreement. As explained above, the Court concludes that the issues are arbitrable.

Bradford next asserts that conTeyor's motion to compel arbitration should be denied since it is simply "a veiled effort to avoid a judicial determination" of its counterclaim for invalidity and unenforceability of its patent. While a "judicial" determination over Bradford's counterclaims would not be made if the court were to grant conTeyor's motion to compel, a determination of the claim would nevertheless not be avoided. Since conTeyor's claim for patent infringement is arbitrable, Bradford's counterclaim for invalidity and unenforceability of the patent is similarly arbitrable. Indeed, an arbitrator is required to consider these defenses to a claim of patent infringement when raised by a party to the arbitration. *See* 35 U.S.C. § 294(b).

Bradford also asserts that, even if the Court were to grant conTeyor's motion to compel arbitration of its patent infringement and trade secret misappropriation claims, this Court would not be "deprived of jurisdiction over Bradford's counterclaims for invalidity and unenforceability . . . absent either a covenant not to sue under the patent-in-suit or a dismissal with prejudice" of

5

conTeyor's patent infringement claim. In support of this position, Bradford cites *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005). In *Fort James*, the issue the court considered was simply whether a "a case or controversy adequate to support jurisdiction of a declaratory judgment counterclaim" exists where a jury finds against the patentee that there is no infringement and where the patentee covenants after the verdict not to sue for patent infringement. This case is irrelevant to the issue of whether the claims before this Court are properly arbitrable.

Bradford's principal argument in support of its position that conTeyor's motion to compel arbitration should be denied is that conTeyor has waived the right to arbitrate these issues. "A party may waive its right to arbitration, and each case must be decided on the basis of its individual facts." *Burns v. Olde Disc. Corp.*, 212 Mich. App. 576, 582, 538 N.W.2d 686, 689 (1995). Waiver of a contractual right to arbitration, however, is not favored. *Id.* Indeed, "[a] party arguing there has been a waiver of this right bears a heavy burden of proof." *Id.*; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42 (1983) (explaining that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of *waiver*, delay, or a like defense to arbitrability") (emphasis added). The party advancing waiver as a defense to arbitration must demonstrate the opposing party's "knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts." *Burns*, 212 Mich. App at 582, 538 N.W.2d at 689.

It is undisputed that conTeyor had knowledge of its right to compel arbitration. Six weeks after filing suit here, conTeyor requested arbitration of its breach of contract dispute with Bradford. Bradford argues that conTeyor's filing of its complaint in this court was an act inconsistent with its

right to arbitrate and that conTeyor's pursuing of its claims here rather than requesting arbitration prejudiced it since it "had to expend time and resources to defend itself . . . ." Bradford notes that conTeyor has already served one set of interrogatories upon it and two sets of document requests, and that it has answered each of these requests.

ConTeyor explains that the reason it filed its patent infringement and trade secret misappropriation claims in this Court rather than initially seeking arbitration of these claims was because it believed that Bradford and Holland/IFR cooperated in the infringement and misappropriation activities. Since conTeyor did not have an arbitration agreement with Holland/IFR, rather than litigating the patent infringement and trade secret misappropriation claims in two forums, by bringing an action against Holland/IFR in federal court and by requesting arbitration of the same claims against Bradford, it instead filed suit against both parties on these claims in federal court. On the other hand, conTeyor explains, it sought arbitration of the breach of contract claims that it had solely against Bradford. Once Holland/IFR was dismissed from this suit on April 5, 2006, however, conTeyor's claims in this Court could be arbitrated without concern of litigating these claims in multiple forums. Therefore, on April 14, 2006, a little over a week after Holland/IFR was dismissed, and after Bradford refused conTeyor's request for arbitration, conTeyor moved to compel arbitration.

ConTeyor maintains that it should not be found to have waived its right to arbitrate this dispute not only because it had a sound reason for not initially pursuing arbitration, and that it acted expeditiously in pursuing arbitration once Holland/IFR was dismissed from this case, but also because Bradford has not suffered any prejudice. First, conTeyor notes, in response to conTeyor's suit, Bradford itself asserted that this case should be arbitrated. Therefore, conTeyor argues, any prejudice Bradford may have suffered by conTeyor's delayed request for arbitration is at least

7

equaled by the recognition that it was Bradford itself, which now disclaims arbitration, that first asserted it. *See Rosenthal A.G. v. Rosenthal*, No. 96 Civ. 8093(WK), 1998 WL 698275 (S.D.N.Y. Oct. 7, 1998) (recognizing that where both parties institute "an about-face" as to their requests for arbitration, prejudice sufficient to find a waiver of an arbitration right is less likely to be found). Finally, conTeyor explains that Bradford has misrepresented matters concerning discovery. For instance, conTeyor maintains, while Bradford has provided conTeyor with documents, the documents provided to conTeyor "are identical to the documents simultaneously provided" to conTeyor in a patent infringement action Bradford filed against conTeyor in the Southern District of Ohio. Moreover, while Bradford claims that it has answered all of conTeyor's discovery requests, Bradford's response to conTeyor's First Set of Interrogatories and Second Request for Production of Documents and Things was as follows: "Bradford will be filing its summary judgment motion and a motion to stay all proceedings. Bradford also understands that conTeyor will be filing a motion to dismiss its complaint. Until these matters are resolved Bradford objects to having to respond to these discovery requests."

In support of its position that conTeyor has waived its right to arbitration, Bradford relies upon *North West Michigan Construction v. Stroud*, 185 Mich. App. 649, 462 N.W.2d 804 (1990). In *North West*, the plaintiff sued the defendants for money owed under the parties' construction contract. In answering the plaintiff's complaint, the defendants pled that the plaintiff was required to submit its dispute to arbitration. The defendants, however, waited eight months before moving to dismiss the plaintiff's complaint on the ground that it was required to submit its claim to arbitration, after the parties had "actively participated in the litigation through discovery, pre-trial, and mediation." The court found that the trial court did not err in finding that defendants' failure

8

to move to dismiss plaintiff's complaint on the ground that the plaintiff was required to submit its claim to arbitration earlier in the proceedings constituted waiver of this defense. This case, however, is distinguishable. Unlike *North West*, there were initially three parties to this suit, one of which was not subject to the arbitration clause. While conTeyor could have pursued its patent infringement and trade secret misappropriation claims against Holland/IFR in federal court and pursued the same claims against Bradford in arbitration, conTeyor's decision to file these claims against both parties in the same forum was not unreasonable. Once Holland/IFR was dismissed, conTeyor expeditiously sought to arbitrate these claims. Moreover, unlike the other party subject to the arbitration clause in *North West*, Bradford initially sought to have the claims in this case arbitrated and only withdrew its arbitration request upon the eve of Holland/IFR's dismissal.

The Court concludes that Bradford has failed to sufficiently show prejudice to meet its heavy burden of establishing that conTeyor has waived its right to arbitration. While the time from the filing of the complaint to conTeyor's motion to compel was not short, Bradford was not forced to bear the expense of a lengthy trial. *See Madison Dist. Pub. Schs v. Myers*, 247 Mich. App. 583, 637 N.W.2d 526 (2001) (finding that plaintiff had waived its right to arbitrate when it filed an arbitration demand after pursing a prior action against the defendant for eighteen months that resulted in a decision against the plaintiff). While the parties have engaged in some discovery, the Court notes that the documents submitted by Bradford to conTeyor were identical to those submitted in a separate lawsuit filed by Bradford against conTeyor. Moreover, Bradford has not shown that any document obtained through discovery could not have been obtained in arbitration.

Since the Court concludes that the claims before this Court that conTeyor requests to be arbitrated arise out of or are connected to the license agreement executed between conTeyor and

9

Bradford and, therefore, are arbitrable, and since, in light of the totality of circumstances, Bradford has not met its heavy burden to show that conTeyor has waived its right to arbitration,

**IT IS HEREBY ORDERED** that conTeyor's motion to compel arbitration is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's order (docket no. 91) staying the arbitration currently pending between conTeyor and Bradford is **HEREBY VACATED**.

This case is **HEREBY TERMINATED** before this Court except that this Court retains jurisdiction to enforce this order and, if requested by either party, enter judgment upon the arbitrator's decision.

Dated: August 10, 2006                                  /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE